IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY ASPAAS,

    Plaintiff,

v.                                  Civil No. 01-821 WJ/WWD-ACE

TOMMY G. THOMPSON,
SECRETARY OF THE DEPARTMENT
OF HEALTH AND HUMAN SERVICES,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court pursuant to Defendant's Motion for Summary Judgment [Docket No. 26]. Having reviewed the motion, supporting argument, and applicable law, I find that Defendant is entitled to the requested relief.

## BACKGROUND

Plaintiff was employed with the Department of Health and Human Services (Department) as a Registered Nurse. Plaintiff's employment was terminated during his probationary period with the Department. Plaintiff is Navajo. Plaintiff filed a Complaint alleging that his termination was due to discrimination on the basis of race, gender, and national origin in violation of Title VII.

Defendant filed the instant motion for summary judgment on January 21, 2003. On February 10, 2003, Defendant filed a notice of completion of briefing noting that Plaintiff's deadline for filing a response to the motion was February 4, 2003 and further noting that no response had been filed. The Court notes *sua sponte* that as of the date of this Memorandum

Opinion and Order, Plaintiff has still filed no response to the motion or made a request for an extension of time in which to file.

**LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleading depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Before the burden shifts to the nonmoving party to demonstrate a genuine issue, the moving party must meet its initial burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Id. By failing to file a response to a Rule 56 motion, a nonmoving party waives the right to file a response and confesses all facts asserted and properly supported in the motion. Murray v. City of Tahlequah, 312 F.3d 1196, 1199 (10th Cir. 2002). However, summary judgment is not proper merely because a nonmoving party has failed to file a response. Id. at 1200. The burden on a nonmovant to respond arises only if the summary judgment motion is properly supported as required by Rule 56(c). Id. (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 160-61 (1970)).

**DISCUSSION**

In order to succeed on a claim of discrimination under Title VII, Plaintiff must show intentional discrimination. Perry v. Woodward, 199 F.3d 1126 (10th Cir. 1999). A plaintiff may

2

prove discriminatory intent either directly or indirectly. Jones v. Denver Post Corp., 203 F.3d 748 (10th Cir. 2000). When a Plaintiff is attempting to show discriminatory intent by an indirect showing, the McDonnell Douglas burden shifting framework guides the Court's analysis at the summary judgment stage. Kendrick v. Penske Transp. Serv., Inc., 220 F.3d 1220, 1226 (10th Cir. 2000).

Under the McDonnell Douglas framework, a plaintiff bears the initial burden of establishing a prima facie case of racial discrimination. Id. Once a plaintiff establishes a prima facie case, the burden of production shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its employment decision. If a defendant meets this burden, the burden then shifts back to the plaintiff to show that the defendant's proffered reason for the employment decision is a pretext for discrimination.

I.   PLAINTIFF'S PRIMA FACIE CASE

In McDonnell Douglas v. Green, the Supreme Court enumerated the elements required in order for a plaintiff to establish a prima facie case in a failure to hire context. 411 U.S. 792, 802 (1973). In that case, the Court stated that the elements of a prima facie case are 1) that plaintiff belongs to a protected class; 2) that plaintiff applied and was qualified for a job for which the employer was seeking applicants; 3) despite being qualified, the plaintiff was rejected; and 4) after plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons with plaintiff's qualifications. The Supreme Court did recognize that the articulation of the elements of a prima facie case would vary somewhat depending on the context of a particular case, and the Tenth Circuit has often discussed the need to view the elements of a prima facie case in a flexible manner. See Perry, 199 F.3d 1126. However, the essential purpose of the

prima facie case remains the same. Kendrick, 220 F.3d at 1227. The "prima facie case serves to eliminate the most common nondiscriminatory reasons . . ." for adverse employment action. Id. In disparate discharge cases such as Plaintiff's, the prima facie elements frequently articulated are that 1) plaintiff is a member of a protected class; 2) plaintiff was qualified for his job; 3) despite his qualifications, plaintiff was terminated; and 4) plaintiff's position was not eliminated after his discharge. Kendrick, 220 F.3d at 1229. The fourth element may also be met by a showing that plaintiff was treated less favorably than others not in the protected class. Sanchez v. Denver Pub. Sch., 164 F.3d 527, 531 (10th Cir. 1998). "The burden of establishing a prima facie case of disparate treatment is not onerous." Brinkley-OBU v. Hughes Training, Inc., 36 F.3d 336, 343 (4th Cir. 1994).

Defendant's motion asserts that Plaintiff must establish as part of his prima facie case that similarly situated employees were treated more favorably than him. As noted above, however, the elements of the prima facie case for discriminatory discharge are flexible, and showing that similarly situated persons were treated more favorably is not the only means by which a plaintiff may make a prima facie showing of discrimination. Defendant acknowledges that Plaintiff is a member of a protected class and that Plaintiff was terminated. Because Defendant hired Plaintiff as a registered nurse, the Court will assume for purposes of the motion that Plaintiff had the proper license and qualifications for the position.[1] The Court will also assume for purposes of this motion that Plaintiff's position was not eliminated after Plaintiff's termination. Therefore, for

---

[1] Defendant's asserted reasons for terminating Plaintiff's employment are not considered in determining whether Plaintiff was qualified for his position. See Kenworthy v. Conoco, Inc., 979 F.2d 1462, 1470 (10th Cir. 1992); MacDonald v. Eastern Wyoming Mental Health Ctr., 941 F.2d 1115 (10th Cir. 1991).

purposes of Defendant's motion, the Court will assume that Plaintiff has established a prima facie case for discrimination.

## II.   DEFENDANT'S ARTICULATION OF A LEGITIMATE, NONDISCRIMINATORY REASON FOR PLAINTIFF'S DISCHARGE

A defendant's burden to articulate a nondiscriminatory reason for its action is one of production rather than persuasion.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000).  Thus, a defendant is not obligated to litigate the merits of its reasoning or prove that the reasons are bona fide.  E.E.O.C. v. Flasher Co., Inc., 986 F.2d 1312, 1316 (10th Cir. 1995)..  Defendant asserts, with supporting documentation, that Plaintiff was terminated for making an unacceptable number of medication errors.  Thus, Defendant has met his burden of articulating a legitimate, nondiscriminatory reason for Plaintiff's discharge.

## III.   PLAINTIFF'S BURDEN OF SHOWING PRETEXT

As previously noted, once a Defendant has produced a facially legitimate reason for its actions, Plaintiff must come forward with evidence that Defendant's proffered reason is a pretext for discrimination.  Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995).  In order to meet this burden, Plaintiff must present evidence sufficient for a reasonable jury to conclude that the defendant's proffered nondiscriminatory reason for the employment action is unworthy of belief.  Hardy v. S.F. Phosphates Ltd. Co., 185 F.3d 1076, 1079-80 (10th Cir. 1999); Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Abuse Servs., 165 F.3d 1321, 1328 (10th Cir.1999); Anderson v. Coors Brewing Co., 181 F.3d 1171, 1178 (10th Cir.1999).

Plaintiff has not responded to Defendant's motion and has thus provided no evidence that would suggest that Defendant's proffered legitimate, nondiscriminatory reasons for terminating

Plaintiff's employment are a pretext for discrimination.  Further, there is nothing in the record from which a reasonable finder of fact could conclude that the proffered explanation is pretextual. Thus, Defendant is entitled to summary judgment on all claims.

**CONCLUSION**

      IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Docket No. 26] is hereby GRANTED.

                                                       _____
                                                        UNITED STATES DISTRICT JUDGE